**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ADVANCED DERMATOLOGY, on behalf of itself and all those similarly situated, | ) ) ) ) | Case No.: 5:19-cv-01828-JRA |
| Plaintiff, | ) ) ) | Judge: John R. Adams |
| vs. | ) ) | Magistrate Judge: Kathleen B. Burke |
| FIELDWORK, INC., | ) ) | |
| Defendant. | ) | |

## DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT, OR, IN THE ALTERNATIVE, TO STRIKE PLAINTIFF'S CLASS ALLEGATIONS

Defendant Fieldwork, Inc., pursuant to Federal Rules of Civil Procedure 12(b)(6), 12(f), and 23, hereby moves to dismiss Plaintiff's class action complaint for failure to state a claim or, in the alternative, to strike Plaintiff's class allegations, for the reasons set forth in the accompanying Memorandum.

Respectfully submitted,

*/s/ Gregory D. Brunton*
Gregory D. Brunton    (0061722)
Joseph K Merical      (0098263)
**GORDON & REES LLP**
41 South High Street, Suite 2495
Columbus, Ohio 43215
T: (614) 340-5558
F: (614) 360-2130
grbrunton@grsm.com
jmerical@grsm.com

*Attorney for Defendant Fieldwork, Inc.*

## MEMORANDUM IN SUPPORT

The Telephone Consumer Protection Act ("TCPA") only applies to the sending of advertising faxes – i.e., those that "advertis[e] the commercial availability or quality of any property, goods, or services." 47 U.S.C. § 227(a)(5). Plaintiff Advanced Dermatology alleges that Defendant Fieldwork, Inc. violated the TCPA by sending it an unsolicited fax. The fax at issue, however, is not an advertisement. The fax does not "advertis[e] the commercial availability or quality of any property, goods, or services." By its plain language, the fax seeks only to invite certain qualified dermatology practices to participate in a research study. This fact is evident on the face of the fax attached to the Complaint, and by Plaintiff's allegations. Accordingly, Plaintiff cannot state a claim under the TCPA.

In addition to Plaintiff's failure to state a claim, its proposed class definition fails. Plaintiff has defined its putative class in terms of success on the merits, and so-called "fail-safe classes" are non-ascertainable and cannot be certified. *See, e.g.*, *Randleman v. Fidelity Nat'l Title Ins. Co.*, 646 F.3d 347, 352 (6th Cir. 2011); *Humphrey v. Stored Value Cards*, No. 1:18-CV-1050, 2018 U.S. Dist. LEXIS 195811, at *10 n.24 (N.D. Ohio Nov. 16, 2018). Thus, if the Complaint is not dismissed in its entirety, Plaintiff's class definition should be stricken.

## STATEMENT OF FACTS

Plaintiff alleges that Fieldwork, a market research company, sent an unsolicited fax to Advanced Dermatology – a copy of which is attached to the Complaint – on or about July 23, 2019. *See* Compl. ¶ 3 [ECF No. 1]; Compl. Ex. 1 [ECF No. 1-1]. The fax at issue seeks dermatology practices to share their opinions about the dermatology industry for an upcoming research study. *Id.* The fax from Fieldwork further states, "we are not selling anything and we are only interested in your opinions as a dermatologist-practice owner." Compl. Ex. 1. Due to limited

availability, the fax directs interested participants to contact one of two individuals via telephone to see if they meet the qualifications for the study. *Id.*

Plaintiff alleges that the fax does not contain the TCPA's statutorily mandated "opt-out" notice. Compl. ¶¶ 12, 18. Despite that the fax seeks participants for a study and indicates that nothing is being sold, Plaintiff alleges that that fax is an "advertisement" because, Plaintiff contends, the fax "intend[s] to draw the attention of the public to the desire of a defendant to enlist survey takers for a commercial purpose." *Id.* ¶ 35.

Plaintiff claims that the fax caused Advanced Dermatology to lose paper and toner in printing the fax, and caused loss of employee time. *Id.* ¶ 16. Plaintiff alleges that it did not give prior express invitation or permission to Fieldwork to send the fax and had no prior business relationship with Fieldwork. *Id.* ¶ 2, 9.

Plaintiff also seeks certification the following class of individuals:

> All persons in the United States who received a facsimile from or on behalf of Defendant and who had no ongoing business relationship with Defendant and had not given consent to receive facsimiles from defendant or where the facsimiles did not provide optout language, within the four years prior to the filing of the Complaint until the class is certified.

*Id.* ¶ 18.

Plaintiff's Complaint should be dismissed because the fax at issue is not an advertisement that is subject to the TCPA. Further, Plaintiff's proposed class is not ascertainable and not certifiable.

## ARGUMENT

### I.  THE COMPLAINT SHOULD BE DISMISSED

#### A.  Rule 12(b)(6) Standard

A defendant may move to dismiss a complaint where it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To avoid dismissal under Rule 12(b)(6), a

complaint must provide sufficient facts to state a claim that is plausible on its face." *Soehnlen v. Fleet Owners Ins. Fund*, 844 F.3d 576, 580 (6th Cir. 2016) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A complaint that offers 'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action,' or 'naked assertion[s]' devoid of 'further factual enhancement' will not survive a motion to dismiss." *Daniel v. Goodyear Tire/CBSD*, No. 18-1136, 2018 U.S. App. LEXIS 29345, at *2–3 (6th Cir. Oct. 17, 2018) (quoting *Twombly*, 550 U.S. at 555, 557). In evaluating a motion to dismiss under Rule 12(b)(6), the court may consider documents attached to the complaint as an exhibit. *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 681 (6th Cir. 2011). Preventing inadequately pled lawsuits from moving to the discovery stage saves both the court and the parties' valuable time and resources. *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009).

### B. The TCPA's fax provision only applies to advertisements.

Plaintiff's sole claim against Fieldwork is for violations of 47 U.S.C. § 227(b)(1)(C), which generally prohibits the use of a "telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an ***unsolicited advertisement***, unless" one or more exceptions apply. 47 U.S.C. § 227(b)(1)(C) (emphasis added). The TCPA defines "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." *Id.* § 227(a)(5). A facsimile that does not meet this definition is not subject to the TCPA as a matter of law. *See, e.g.*, *Sandusky Wellness Ctr., LLC v. Medco Health Solutions, Inc.*, 788 F.3d 218, 226 (6th Cir. 2015) (affirming grant of summary judgment to defendant on claims under § 227(b)(1)(C) because faxes at issue were not "advertisements" for under § 227(a)(5)).

A plaintiff fails to state a claim upon which relief can be granted where the fax attached to the complaint does not constitute an "unsolicited advertisement" pursuant to the TCPA. *Ameriguard, Inc. v. Univ. of Kan. Med. Ctr. Research Inst., Inc.*, 222 F. App'x 530, 531 (8th Cir. 2007); *accord Phillips Randolph Enters., L.L.C. v. Adler-Weiner Research Chi., Inc.*, 526 F. Supp. 2d 851, 853 (N.D. Ill. 2007) (granting motion to dismiss where, "[o]n its face, the fax does not promote a 'commercially available service,' but a research study," and citing *Ameriguard*).

The term "advertisement" requires that the material must unambiguously contain "commercial" components: "To be an ad, the fax must promote goods or services that are for sale, and the sender must have profit as an aim." *Sandusky Wellness.*, 788 F.3d at 223–24 (affirming summary judgment because faxes were not "advertisements" under the TCPA); *see also Ameriguard, Inc. v. Univ. of Kan. Med. Ctr. Research Inst.*, 2006 U.S. Dist. LEXIS 42552, at *3-5 (W.D. Mo. June 23, 2006) (fax advertising clinical research study was outside the scope of TCPA), *aff'd* 222 F. App'x 530 (8th Cir. 2007). Where, as here, the fax does not advertise the commercial availability or quality of any property, goods, or services, it falls outside the scope of the TCPA, necessitating the dismissal of the Complaint for its failure to state a claim.

### C. Fieldwork's fax is not an advertisement and falls outside the scope of the TCPA.

.
On its face, the fax in this case does not advertise the commercial availability or quality of any property, goods, or services. It instead invites dermatologists to participate in a research study regarding their opinions related to the dermatology industry. *See* Compl. Ex. 1. Indeed, the fax expressly states, "**we are not selling anything** and we are only interested in your opinions." *Id.* (emphasis added). There is no product or service being promoted or sold to the fax recipient through the fax. The purpose of the fax is not advertising, but rather for "get[ting] feedback about the dermatology industry." *Id.* The fax is not an advertisement because it does not offer anything

– directly or indirectly – for purchase or sale to the fax recipients.

An invitation to participate in a research study is not an advertisement under the TCPA. In *Phillips Randolph Enterprises, L.L.C. v. Adler-Weiner Research Chicago, Inc.*, 526 F. Supp. 2d 851 (N.D. Ill. 2007), the court was faced with a very similar issue to the one presented here: whether a fax inviting participation in a research study promoted the "commercial availability" of a product of service. In relevant part, the fax sent by the defendants in *Phillips Randolph* stated:

> Attention: <u>Business Owners & Business Decision Maker</u>s Adler Weiner Research is currently inviting business owners or business decision makes to participate in a research discussion on the topic of a new HEALTHCARE PROGRAM sponsored by The Chicagoland Chamber of Commerce
> . . .
>
> HONORARIUM: ***$ 200.00 CASH *** If you are interested in participating in this research study, please call to see if you qualify between the hours of 9:00 am to 4:30 pm.

*Id.* at 852. The plaintiff argued that the fax advertised a "service" in the form of a "research discussion" on a healthcare program. *Id.* at 853. The plaintiff contended this was akin to a "free seminar" or similar service which served as a pretext to advertise commercial products and services (the "healthcare program"), and thus fell within the scope of the TCPA. *Id.*

The court disagreed, explaining, "[o]n its face, the fax does not promote a 'commercially available service,' but a research study." *Id.* The complaint only alleged that the defendants' "products or services were advertised in the fax" and the only product or service identified was the "research discussion." *Id.* There was no allegation that any product or service was advertised at said discussion. *Id.* Moreover, the court noted that "unlike an advertisement, the fax is not an indiscriminate, open-ended invitation. Instead, the fax makes clear individuals interested in participating in the research study must be qualified and are pre-screened." *Id.*

The same is true here: there is no commercially available product or service advertised on

the face of the fax (on the contrary, the fax explicitly states that nothing is being sold), and Plaintiff does not identify in its Complaint any commercially available product or service that is being advertised. Rather, the fax discusses a research study for which there are "limited spots available." Compl. Ex. 1. Due to the limited availability, participants have to "qualify" for the study by calling a specific person to determine eligibility. *Id.* In other words, the fax was not an indiscriminate, open-ended invitation.

Fieldwork's mere benefit from use of the information it obtains through market research does not equate to "advertisement" of any good or service. "The potential to gain some benefit from sending information, without the presence of additional commercial statement in the message," is insufficient to transform a message to an advertisement. *See Physicians Healthsource, Inc. v. Janssen Pharmaceuticals, Inc.*, 2013 U.S. Dist. LEXIS 15952, at *1 (D.N.J. Feb. 6, 2013) ("The appropriate inquiry under the TCPA is not whether there is some ancillary commercial benefit to either party, but whether the message is an advertisement which tends to propose a commercial transaction."); *see also N.B. Industries v. Wells Fargo & Co.*, 2010 U.S. Dist. LEXIS 126432, at *25 (N.D. Cal. Nov. 30, 2010) (explaining that "commercial benefit" to the defendant does not alter the analysis that the faxes are not advertisements, where defendants used the fax recipient's information for marketing, advertising, and promotional purposes).

Here, the fax at issue does not offer or invite the recipient, Advanced Dermatology, to make use of Fieldwork's market research services, nor does it encourage recipient to purchase the data collected from the study, or Fieldwork's services at all. On its face, the fax clearly does not advertise the commercial availability or quality of any property, goods, or services, and there are no plausible allegations that the fax was used as pretext to further Fieldwork's commercial efforts. As such, the fax is not an "advertisement" for purposes of the TCPA, and dismissal is therefore

appropriate.

## II.  ALTERNATIVELY, THE CLASS ALLEGATIONS SHOULD BE STRICKEN

### A.  Rule 23 and Rule 12(f) Standards

Federal Rules of Civil Procedure 23 and 12(f) empower the court to dismiss or strike class allegations. Under Rule 12(f), a court may strike from a pleading "an insufficient defense" or "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Rule 23(c)(1)(A) provides that the court, "[a]t an early practicable time . . . must determine by order whether to certify the action as a class action." Fed. R. Civ. P. 23(c)(1)(A). Rule 23(d)(1)(D) provides that, "[i]n conducting an action under this rule, the court may issue orders that . . . require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly." Fed. R. Civ. P. 23(d)(1)(D).

If the plaintiff's class allegations are facially and inherently deficient, a motion to strike class allegations, made pursuant to these provisions, can be an appropriate device to determine whether a case will proceed as a class action. *See, e.g.*, *Montanez v. Voss Indus., LLC*, No. 1:18CV1378, 2019 U.S. Dist. LEXIS 91731, at *17 (N.D. Ohio May 31, 2019). Moreover, in the right circumstances, such motions may properly be filed before plaintiffs move for class certification and before class discovery has been conducted. *See, e.g.*, *id.* at *17–18 (quoting *Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943, 949 (6th Cir.2011)). "A court may properly strike class allegations prior to discovery where discovery would not have 'alter[ed] the central defect in th[e] class claim.'" *Kimber Baldwin Designs, LLC v. Silv Communities, Inc.*, No. 1:16-cv-448, 2016 U.S. Dist. LEXIS 173481, at *2–3 (S.D. Ohio Dec. 15, 2016) (quoting *Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943, 949 (6th Cir.2011)). "A court may strike class action allegations before a motion for class certification where the complaint itself demonstrates that the

requirements for maintaining a class action cannot be met." *Id.* at *2.

### B. Plaintiff's proposed class definition is impermissibly fail-safe, and the class is therefore not ascertainable.

Plaintiff's proposed class definition is fail-safe, and therefore, the class is not ascertainable and cannot be certified. "Though not an express requirement of Rule 23(a), 'ascertainability goes to whether the class has been defined such that it encompasses an identifiable group.'" *Geary v. Green Tree Servicing, LLC*, No. 2:14-CV-00522, 2017 U.S. Dist. LEXIS 93000, at *28–29 (S.D. Ohio June 16, 2017) (quoting *Cerdant, Inc. v. DHL Express (USA), Inc.*, No. 2:08-cv-186, 2010 U.S. Dist. LEXIS 95087, 2010 WL 3397501, *5 (S.D. Ohio Aug. 25, 2010)). "The so-called 'fail safe' class is an aspect of ascertainability." *Eager v. Credit Bur. Collection Servs.*, 2014 U.S. Dist. LEXIS 96379, at *11 (W.D. Mich. July 16, 2014). Fail-safe "classes are improper because '[e]ither the class members win or, by virtue of losing, they are not in the class and, therefore, not bound by the judgment.'" *Id.* (quoting *Randleman*, 646 F.3d at 352).

In handling with putative class actions under the TCPA, district courts within the Sixth Circuit and elsewhere have frequently found that the proposed class was an impermissible fail-safe class. For example, in *Sauter v. CVS Pharm., Inc.*, No. 2:13-cv-846, 2014 U.S. Dist. LEXIS 63122 (S.D. Ohio May 7, 2014), the court, after surveying similar proposed classes under the TCPA, struck the plaintiff's proposed class as an impermissible fail-safe class, where the class definition tracked the TCPA prohibitions at issue. *Id.* at *21–23.

Another court has noted that "[i]n cases . . . under the TCPA, it can be tempting for a plaintiff to define its class in terms of the statutory elements that establish liability. . . . But this focus on the terms of liability frequently results in class definitions that are fail-safe." *Alpha Tech Pet Inc. v. Lagasse, LLC*, 205 F. Supp. 3d 970, 976-77 (N.D. Ill. 2016). In *Alpha Tech Pet*, the court determined a class definition virtually identical to the class definition in this case was "fail-

safe," and the class definition as pled was therefore was stricken. *Id.* at 977-78. Specifically, Alpha Tech alleged a class defined as:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability or quality of any property, goods, or services by or on behalf of Defendants, and (3) which Defendants did not have prior express permission or invitation, or (4) which did not display a proper opt-out notice.

*Id.* at 972-73.

The court explained that with its references to "prior express permission" and "opt-out notice," the class definition used terms that define the scope of liability under the TCPA. *Id.* at 977. The court struck allegation regarding "prior express permission," because it was irrelevant to the plaintiff's allegations, as even a fax sent with permission must include a statutorily described "opt-out notice" to comply with federal regulations. *Id.*; 47 C.F.R. § 64.1200(a)(4)(iv).

The court further determined that inclusion of the defendants' failure to "display a proper opt-out notice" as an element of the definition made the class a fail-safe class. *Id.* at 978. The court noted that whether the defendants included a proper opt-out notice on their faxes was the primary question, the answer to which would determine liability in the case. *Id.* If the court were to determine that the defendants failed to include proper opt-out notices in their faxes, the defendants would be liable to the recipients of those faxes. *Id.* But if the court were to determine that the defendants' faxes included proper opt-out notices, none of the recipients of those faxes would be included in the class. *Id.* That, the court opined, "is the danger of a fail-safe class, and it is present here under Alpha Tech's current class definition." *Id.* at 978–79.

Plaintiff's proposed class definition, which limits class members to those "who had no ongoing business relationship with Defendant and had not given consent to receive facsimiles from defendant or where the facsimiles did not provide optout language" (Compl. ¶ 18), is identical, in

all material respects, to the class definition in *Alpha Tech Pet* which was deemed fail-safe and insufficient. *Id.* at 978. Plaintiff's definition is defined by legal parameters, such that a class member either wins under the TCPA or, by virtue of losing, is defined out of the class and is therefore not bound by the judgment.

Classes like Plaintiff's that are defined in terms of success on the merits—so-called "fail-safe classes"—are not properly defined. *Randleman v. Fidelity Nat'l Title Ins. Co.*, 646 F.3d 347, 352 (6th Cir. 2011). As such, if the Complaint is not dismissed in its entirety, Plaintiff's class allegations should be stricken.

## CONCLUSION

For the foregoing reasons, Defendant Fieldwork, Inc. respectfully requests that the Court dismiss Plaintiff's Class Action Compliant, or in the alternative, strike Plaintiff's class allegations.

Respectfully submitted,
*/s/ Gregory D. Brunton*
Gregory D. Brunton    (0061722)
Joseph K Merical        (0098263)
**GORDON & REES LLP**
41 South High Street, Suite 2495
Columbus, Ohio 43215
T: (614) 340-5558
F: (614) 360-2130
grbrunton@grsm.com
jmerical@grsm.com

*Attorney for Defendant Fieldwork, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was filed with the Court's electronic filing system on this 10th day of October 2019, which will send notice of this filing to all parties that have entered an appearance in this matter.

/s/ *Gregory D. Brunton*
Gregory D. Brunton (061722)